STATE OF NEBRASKA, APPELLEE, V.
RICHARD ROBINSON, APPELLANT.

311 N.W.2d 7

Filed October 9, 1981. No. 44064.

James T. Hansen and Jonathan Pratter for appellant.

Paul L. Douglas, Attorney General, and Dale D. Brodkey for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, and HASTINGS, JJ.

HASTINGS, J.

Defendant was prosecuted and convicted of a violation of Neb. Rev. Stat. § 29-908 (Reissue 1979), failing to appear before the court after having been "released from custody under bail, recognizance, or a conditioned

release." He was sentenced to a term of imprisonment of 18 months to 2 years. Defendant has appealed, contending in substance that the State failed to establish an essential element of the crime, viz, that there was a valid recognizance in effect at the time of his failure to appear. We determine that defendant's appeal is wholly without merit.

The defendant was charged with unlawfully disposing of a dead body and, on July 20, 1977, was released under a properly executed $5,000 recognizance. Following his conviction and sentence for a term of 18 months to 2 years, a 30-day stay of execution was granted to permit the defendant to perfect his appeal to the Supreme Court. In addition, the trial court continued the original $5,000 recognizance. On October 15, 1979, a mandate from this court affirmed the judgment and sentence, and the defendant was ordered to surrender himself on November 2, 1979, which he failed to do. His bond was ordered forfeited and he was finally arrested and returned to the Scotts Bluff District Court on September 2, 1980.

By some sort of convoluted reasoning, the defendant claims that the 30-day stay of execution of the sentence had expired long before his ordered appearance date and the $5,000 recognizance executed before trial was no longer in effect; therefore, there was no binding bail agreement in force which he violated.

The recognizance executed by the defendant before trial was not limited to appearing for trial. It required the defendant to appear on August 12, 1977, and from time to time thereafter as ordered by the court. The district judge, following sentencing on the original felony, not only suspended execution of the sentence for 30 days as requested by the defendant but also released the defendant on the "present filed bond." At the time of his release, the defendant was also told by the court that "if this matter were to be affirmed by the Nebraska Supreme Court on appeal and you did fail to appear for execution of this sentence, it would create a separate

crime . . . ."

No question remains but that the defendant was "released from custody under bail, recognizance, or a conditioned release" and failed to appear and surrender himself as required by § 29-908.

The judgment and sentence of the District Court was correct and is affirmed.

AFFIRMED.